## MILLIKEN v. AERMOTOR CO.

(Circuit Court of Appeals, Seventh Circuit June 2, 1926.)

No. 3664.

Patents ⬅➡328.

Milliken patent, No. 923,557, claim No. 5, for a metal tower or pole to support electrical transmission lines, *held* invalid, as anticipated.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by Foster Milliken against the Aermotor Company. Decree dismissing the suit, and plaintiff appeals. Affirmed.

Otto R. Barnett, of Chicago, Ill., for appellant.

Robert H. Parkinson, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVANS, Circuit Judge. This appeal is from a decree dismissing a suit brought on claim No. 5 of patent No. 923,557, to Milliken, covering a metal tower or pole to support electrical transmission lines. Claim No. 5 reads as follows:

"A structural steel pole having a pyramidal pedestal portion, a tower portion carried by the pedestal portion, of approximately uniform cross-sectional area, and cross-arms arranged at intervals of the tower portion of the pole, of expanded width

at the center and having diagonal braces reinforcing the tower."

Defense of invalidity was predicated upon an alleged prior public use, as well as upon lack of invention in the combination claimed. The trial judge, in speaking of the prior public use, said:

"If the case stood alone upon the defense of the prior use of the Sanitary District poles, it is my opinion that the claim in suit must fall. But, even if the claim in suit is differentiated from the Sanitary District pole because of the use of the word 'pyramidal' in the claim, it is clear, in my opinion, that the claim had been substantially anticipated by prior devices, which required nothing more than mechanical skill to adapt them to the purpose of the claim."

Reproduced herewith are drawings of the Milliken tower (Fig. 1), the drawing of a tower used by the Sanitary District of Chicago (Fig. 2); likewise, a drawing of a tower upon which the Sanitary District sought bids (Fig. 3). The latter two constructions clearly antedated the Milliken tower. The Sanitary District tower (Fig. 2), so appellant contends, was not supplied with a "pyramidal pedestal portion." The Aermotor Company, in submitting bids to the engineers of the Sanitary District on different designs, among them (Fig. 3) disclosed a tower which responds to the fifth claim in suit. Nowhere does the claim or the specifications specify the degree of the pyramidal slant.

We have, then, a situation where the prior art as actually reduced to practice disclosed a tower (Fig. 2) with every element of claim No. 5 present, unless it be that the pedestal portion is not sufficiently pyramidal to be so determined. However, such pyramidal towers were old, both in windmill constructions, and in other structures for carrying electrical transmission lines. In Fig. 3, also submitted for bids, there appeared a tower with the base more pyramidal and the upper section, the tower portion, of "approximate uniform cross-sectional area."

The testimony showed that the problem of the tower manufacturers was to accomplish two purposes. The pedestal portion should be of such strength as to resist the winds. The upper section must be so constructed as to resist the tension, strain, and the weight, etc., of the transmission lines. The more pyramidal the lower portion, the better, for it lessened the size of the steel used therein, and was adapted to resist wind strains.

It may be conceded that appellant's tower, the base of which is pyramidal in shape, and the upper portions of which are uniform in their cross-sectional area, is a structure well fitted to resist the strains placed upon it, and that such a construction can be built cheaper than another tower of the same height, pyramidal all the way up or not pyramidal at all.

Fig. 1.

Fig. 2.                    Fig. 3.

However, such admission bears but little on the question of patentability. With Figs. 2 and 3 as part of the prior art, anticipation of claim No. 5 appears. With Fig. 3 eliminated, because, as appellant contends, it was never reduced to practice prior to his patent, we still have a disclosure, Fig. 2, which would defeat patentability based on the slight advance made by Milliken over the disclosure of Fig. 2. Moreover, Fig. 3 cannot be entirely removed from the picture, for it illustrates how readily an engineer or designer would step from Fig. 2 to Fig. 3, provided the height of the tower, and the number and weight of the wires required it.

We have not overlooked the evidence tending to show how widely the Milliken towers have been used. This is, however, not a case where such testimony, construed most favorably to appellants, is controlling.

The decree is affirmed.